IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES SHELLHORNE** | )<br>)<br>) CIVIL ACTION NO. |
| Plaintiff, | )<br>) |
| v. | ) COMPLAINT<br>) |
| **TRANS UNION, LLC** | ) JURY TRIAL DEMANDED |
| and | ) |
| **EXPERIAN INFORMATION** | ) NON-ARBITRATION |
| **SOLUTIONS, INC.** | ) |
| and | ) |
| **AMRENT, INC.** | ) |
| and | ) |
| **NATIONAL CREDIT SYSTEMS,** | ) |
| **INC.** | ) |
| | ) |
| Defendants. | )<br>) |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, James Shellhorne, against Defendants Trans Union, LLC, Experian Information Solutions, Inc., AmRent, Inc. and National Credit Systems, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C. §1692k and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff James Shellhorne is an adult individual residing in Concord, NH.

5. Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA.

6. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in Eastern District of Pennsylvania and which has a principal place of business located at 5 Century Drive, Parsippany, NJ.

7. Defendant AmRent, Inc. ("AmRent") is a consumer reporting agency that regularly conducts business in Eastern District of Pennsylvania and which has a principal place of business located at 875 Greentree Rd. Pittsburgh, PA.

8. Defendant National Credit Systems, Inc. ("NCS") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a registered agent located at 328 Alexander Street, Marietta GA.  The principal purpose of NCS is the collection of debts already in default using the mail and telephone, and NCS regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

9. Trans Union, Experian and AmRent ("CRAs") have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least April 2015 through present. The inaccurate information includes numerous tradelines, including, but not limited to, collection accounts with NCS, Firstsource and RSI Collect, as well as personal identifying information.

10. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff and that actually belong to another consumer. Due to the CRA's faulty procedures, the CRAs

mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information.

11.     The CRAs have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.  The CRAs have repeatedly published and disseminated consumer reports to such third parties from at least April 2015 through the present.

12.     Plaintiff's credit reports and files have been obtained from the CRAs and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving different credit offers and opportunities, known and unknown.  Plaintiff's credit reports have been obtained from CRAs by such third parties from at least April 2015 through the present.

13.     The alleged debts reported by NCS arose out of transactions which were primarily for personal, family or household purposes.

14.     At all pertinent times hereto, Plaintiff was not responsible for the debts.

15.     Notwithstanding the above, NCS has been falsely furnishing and/or reporting the information about the debts in connection with Plaintiff's credit history to credit reporting agencies when they knew or should have known that the debts did not belong to Plaintiff.

16.     The debts negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

17.     NCS knew or should have known that its actions violated the FDCPA. Additionally, NCS could have taken the steps necessary to bring its agent's actions within

compliance of the law, but neglected to do so and failed to adequately review those actions to insure compliance with said law.

18. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

19. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

20. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
### (Plaintiff v. Trans Union, Experian and AmRent)

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto, Trans Union, Experian and AmRent were each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

23. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Trans Union, Experian and AmRent are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency in violation of 15 U.S.C. § 1681e(b).

26. The conduct of Trans Union, Experian and AmRent was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Trans Union, Experian and AmRent are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**COUNT TWO – VIOLATIONS OF THE FDCPA**
**(Plaintiff v. NCS)**

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. NCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

30. The above reporting of the inaccurate information to credit reporting agencies by NCS are "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

31. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

32. NCS violated the FDCPA. NCS' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10) and 1692f, as evidenced by the following conduct:

    a. The false representation of the amount, character or legal status of a debt;

    b.    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and

    c.    Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

33.    NCS' acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

34.    As a result of the above violations of the FDCPA, NCS is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMANDED

35.    Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive damages;

    (d)    Costs and reasonable attorney's fees; and

      (e)    Such other and further relief as may be necessary, just and proper.

      Respectfully Submitted,

      **FRANCIS & MAILMAN, P.C.**

BY:    */s/ Mark Mailman*
      MARK MAILMAN, ESQUIRE
      ERIN A. NOVAK, ESQUIRE
      Land Title Building, 19th Floor
      100 South Broad Street
      Philadelphia, PA 19110
      (215) 735-8600

Dated: November 25, 2015      *Attorneys for Plaintiff*